1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID TAYLOR,                              No.  2:25-cv-2329-DC-CKD (PS)

12                    Plaintiff,

13        v.                                    <u>ORDER</u>

14   PLACER COUNTY, et al.,

15                    Defendants.

16

17        Plaintiff David Taylor proceeds without counsel[1] and seeks to proceed in forma pauperis.

18   Plaintiff's declaration in support of the request to proceed in forma pauperis makes the showing

19   required by 28 U.S.C. § 1915 and is granted. However, the complaint fails to state a claim and

20   must be dismissed. Plaintiff is granted leave to file an amended complaint within 30 days of the

21   date of this order.

22   **I.        Screening Requirement**

23        Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

24   proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

25   claim on which relief may be granted," or "seeks monetary relief against a defendant who is

26   immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27

27

28   _____
     [1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local
     Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

                                        1

1   (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

2   See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

3   **II.    Plaintiff's Allegations**

4       The named defendants are Placer County, Placer County Code Enforcement Department,

5   and Nolan Wright. (ECF No. 1 at 2.) In July of 2025, Placer County Code Enforcement attempted

6   to serve notice of abatement proceedings upon plaintiff by placing the notice on a neighboring

7   property with the incorrect APN, which denied plaintiff notice and opportunity to be heard. (Id. at

8   21.) Plaintiff alleges the attempted abatement proceedings constituted an attack on his federal

9   land patent rights. (Id. at 22.)

10   **III.    Discussion**

11       Plaintiff's 27-page complaint contains insufficient factual material for the court to perform

12   the screening required by 28 U.S.C. § 1915. The complaint lists various rights which defendants

13   allegedly violated and is filled with legal conclusions and statements of the law. The very

14   minimal facts alleged do not state a claim for relief.

15       A complaint must contain "a short and plain statement of the claim showing that the

16   pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

17   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

18   conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

19   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as

20   true, legal conclusions are not. Iqbal, 556 U.S. at 678.

21       Pro se litigants are entitled to have their pleadings liberally construed and to have any

22   doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially

23   plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to

24   allow the court to reasonably infer that a named defendant is liable for the misconduct alleged.

25   Iqbal, 556 U.S. at 678.

26       Without more factual allegations, the court is unable to conduct the screening required by

27   28 U.S.C. § 1915(e). Plaintiff's complaint must be dismissed after which plaintiff will have an

28   opportunity to file an amended complaint. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.

1   1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of

2   its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be

3   cured by amendment." (citation omitted)). If plaintiff files an amended complaint, it should be

4   titled "First Amended Complaint" and must be complete by itself without reference to any prior

5   pleading. See Local Rule 220.

6   **IV.    Motion to File Electronically**

7       "[A]ny person appearing pro se may not utilize electronic filing except with the

8   permission of the assigned Judge or Magistrate Judge." See E.D. Cal. L.R. 133(b)(2). The court

9   does not at this stage of the case find good cause for deviance from the general procedure in the

10  Local Rule. Plaintiff's request will be denied without prejudice to renewal at a later stage of the

11  case.

12      If plaintiff would like to receive immediate email notifications when documents are filed

13  in this case, instead of receiving service by mail, plaintiff may file such a request. In any such

14  request, plaintiff shall provide an email address, give consent to receive service of documents

15  electronically, and waive the right to receive service by first class mail.

16  **V.    Order**

17      In accordance with the above, IT IS ORDERED as follows:

18      1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

19      2.  Plaintiff's motion to e-file (ECF No. 3) is DENIED without prejudice.

20      3.  Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim upon which

21          relief can be granted.

22      4.  Plaintiff is granted leave to file an amended complaint that complies with the

23          requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice

24          within 30 days from the date of service of this order; failure to respond to this order

25          will result in a recommendation that this action be dismissed.

26  Dated:  September 13, 2025

27  _____

    CAROLYN K. DELANEY

28  UNITED STATES MAGISTRATE JUDGE

8, tayl25cv2329.scrn

3